UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Edward Jackson, | Case No. 2:23-cv-00457-MMD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| UPC/GCI | |
| Defendant. | |

*Pro se* Plaintiff John Jackson is currently incarcerated at the Clark County Detention Center. This Court previously dismissed his complaint without prejudice based on its inability to discern what claims Mr. Jackson was alleging. ECF No. 5. Before the Court is his amended complaint. ECF No. 7.

**I.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Screening the Complaint

Mr. Jackson alleges he owns a copyright for a textbook titled "Vibration and Impulse Communication Explained." As best as this Court can tell, Plaintiff is alleging that Defendant is selling barcodes that are identical to those that appear in his book.

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Liberally construing the complaint, Mr. Jackson has stated a claim for relief. He meets the first element by alleging he is the owner of a valid copyright to his book. In addition, he meets the second element by alleging Defendant is copying barcodes that appear in his book.

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's claim for copyright infringement may proceed against Defendant UPC/GSI.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff one blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days to fill out the required USM-285 form and send it to the U.S. Marshals Service. On the form, Plaintiff must fill in defendant's last-known address.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue a summons for the Defendant.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the issued summons, and the operative complaint (ECF No. 7) on the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that upon receipt of the USM-285 form, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the Defendant.

**IT IS FURTHER ORDERED** that, within 90 days of this Order, the U.S. Marshals Service shall file the summons returned as executed or a notice indicating why service has not been effectuated.

DATED: April 25, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE