UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN EDWARD JACKSON,<br><br>                    Plaintiff,<br>     v.<br>UPC/GSI,<br><br>                    Defendant. | Case No. 2:23-cv-00457-MMD-BNW<br><br>ORDER |

**I.    SUMMARY**

The Court screened *pro se* Plaintiff John Edward Jackson's amended complaint under 28 U.S.C. § 1915(e)(2) and liberally construed Plaintiff's allegations to allege copyright infringement against U.P.C./GSI.[1] (ECF No. 9.) Before the Court are Defendant's motion for judgment on the pleadings (ECF No. 36 ("Defendant's Motion")) and Plaintiff's motion for summary judgment (ECF No. 46) ("Plaintiff's Motion")). Plaintiff opposed Defendant's Motion (ECF No. 42), and Defendant opposed Plaintiff's Motion (ECF No. 50).[2] For the reasons below, the Court grants Defendant's Motion and denies Plaintiff's Motion.

**II.    BACKGROUND**

In the screening order, the Court noted that "[a]s best as this Court can tell, Plaintiff is alleging that Defendant is selling barcodes that are identical to those that appear in his book." (ECF No. 9 at 2.) Plaintiff alleges he owns a copyright for a textbook titled "Vibration

---

[1]GS1 US, Inc. has appeared to defend this action, asserting that is not either of the entities named in the amended complaint but it was served with the amended complaint. (ECF No. 36 at 3.)

[2]The Court therefore denies Plaintiff's motions for default judgment and for requests relating to default judgment (ECF Nos. 54, 57, 59, 61) which are based on Defendant's alleged failure to respond.

and Impulse Communication Explained." (ECF No. 7 at 1.) In the book Plaintiff drew pictures of "standard" barcodes (or segments of barcodes) that are "identical to the U.P.C. bar codes and QR codes"; Plaintiff uses these barcodes to explain how to purportedly "read and rewrite" barcodes. (ECF Nos. 7 at 2; 15 at 39-46.)

Defendant is a nonprofit standards organization that administers the Universal Product Code (U.P.C.), *i.e.*, barcodes used for tracking trade items at points of sale. (ECF No. 15 at 2-3.) The U.P.C. barcodes were initially established in 1973 for use in the grocery industry and have been expanded for use in other business sections. *See Our Mission and History*, GS1 US, https://perma.cc/U9XS-KUCA (last visited Nov. 20, 2023).

### III. DISCUSSION

The Court will first address Defendant's Motion because it is dispositive. Accordingly, the Court denies Plaintiff's Motion.

Defendant argues that Plaintiff cannot establish copyright infringement because Plaintiff's hand-drawn barcodes in his copyrighted book are not original work. The Court agrees.

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Defendant concedes the first *Feist* element, *i.e.*, that Plaintiff's book is subject to a valid copyright. (ECF No. 36 at 4.[3]) Defendant instead contends that Plaintiff's hand-drawn barcodes in the book are not original and thus copyrightable—the second *Feist* element. The Court agrees that Plaintiff's hand-drawn barcodes are merely pre-existing facts, which are not copyrightable. (ECF No. 30 at 4-5.) *See also CDN Inc. v. Kapes*, 197 F.3d 1256, 1259 (9th Cir. 1999) ("Subject matter created by and original to the author merits copyright protection. Items not original to the author, i.e., not the product of his creativity, are facts and not copyrightable."); *Feist*, 499 U.S. at 348-49 ("The mere fact that a work is

---

[3]In fact, Defendant attached a copy of Plaintiff's hand-written book to its Answer and Affirmative Defenses to Amended Complaint. (ECF No. 15 at 8-49.)

copyrighted does not mean that every element of the work may be protected . . . No matter how original the format, however, the facts themselves do not become original through association."). Plaintiff drew in his book "standard" barcodes to explain to the reader how he understands and reads barcodes. (ECF No. 15 at 39-46.) Plaintiff argues in response that his artwork (the barcodes in his book) contains unique numbers and data and his "original" work. (ECF No. 42 at 2-3.) The artwork may be drawn by Plaintiff and may be his "original" work. However, as Defendant correctly points out, Plaintiff cannot draw pictures of barcodes and claim exclusive rights to barcodes that have been already in use for years. (ECF No. 36 at 6.) Said otherwise, Plaintiff's drawings merely depict the general existence of barcodes and are therefore not original to Plaintiff and do not become original simply by their association with Plaintiff's book. (ECF No. 30 at 5.) For these reasons, the Court grants Defendant's Motion and denies Plaintiff's Motion.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for judgment on the pleadings (ECF No. 36) is granted.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 46) is denied.

It is further ordered that Plaintiff's motions for default judgment and related motions (ECF Nos. 54, 57, 59, 61) are denied.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

/ / /

/ / /

/ / /

DATED THIS 20th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE